**UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

CIVIL ACTION NO.

JEFFREY AND AMIEE KELLY,
    Plaintiff,

v.

PROGRESSIVE ADVANCED
INSURANCE COMPANY,
    Defendant

**PLAINTIFFS' COMPLAINT**

1. Plaintiff Jeffrey Kelly resides at 2230 Teal Road, Corolla, North Carolina, 27927.

2. Plaintiff Amiee Kelly resides at 2230 Teal Road, Corolla, North Carolina, 27927

3. Defendant Progressive Advanced Insurance Company a/k/a ("Progressive") is a corporation with a principal place of business located at 6300 Wilson Mills Rd., Mayfield Village, Ohio 44143.

**JURISDICTION**

4. Jurisdiction of this matter stems from 28 U.S.C. § 1332.

**FACTUAL ALLEGATIONS**

5. The Plaintiffs incorporate herein all allegations contained through Paragraph 4.

6. On the evening of Wednesday, August 4, 2010, the Plaintiffs, along with their two young children (ages 2 and 4), were stopped at a red light located on the corners of D Street and Summer Street in South Boston, Massachusetts.

7. At all times, Mr. Kelly, the driver of the family vehicle, acted with reasonable care and caution.

8. While stopped and waiting to make a right turn at the light from the right turn lane, the Plaintiffs' vehicle was struck from behind by a vehicle driven by Andrew McEanaeny, a Chevy Astro minivan.

9. McEaneany hit a silver Volvo vehicle so forcefully that the vehicle went airborne and then impacted the Plaintiffs' back end on the driver's side of their Honda Element.

10. The impact also shattered the Plaintiffs' back window sending glass over their four year old daughter while she sat in her car seat. Fortunately, she was not physically injured, although she subsequently suffered severe nightmares and emotional repercussions from the accident.

11. It was reported that the driver of the minivan was heavily intoxicated while driving.

12. According to the police report issued by Boston Police Officer Mayfield H. Holliday, the operator of the Chevy was inebriated and "cause[d] the accident by plowing into the other 3 cars."

13. The report stated further that the operator "was unsteady with slurred speech" and was unable to stand and walk, and refused to recite the alphabet. The report stated further that the officer "had to assist suspect to his feet, and assist him in walking to officers cruiser."

14. The collision was caused solely by the negligence and lack of due care on the part of McEnaeny with no negligence on the part of the Plaintiffs contributing thereto.

15. As a direct and proximate cause of the accident, the Plaintiffs have suffered serious and grievous physical injuries and some of these injuries are permanent in nature and have caused Plaintiff to suffer continuous pain.

16. As a further proximate result of the accident, the Plaintiff Amiee Kelly has been required, and will continue to undergo medical care and numerous diagnostic procedures with associated pain and discomfort.

17. Plaintiffs have incurred substantial medical bills from this negligent act and will continue to suffer in the future

18. As a further and proximate result of the accident the Plaintiff Amiee Kelly has incurred, and will continue to incur substantial medical expense and loss of employment income.

## BREACH OF CONTRACT

19. The Plaintiff incorporates by reference herein all allegations herein through Paragraph 18.

20. At the time of the accident, the Plaintiffs had in force a policy of automobile insurance issued by Progressive.

21. At the time of the accident, the vehicle operated by McEanaeny was underinsured, or in the alternative, that any insurance in force on the vehicle did not and does not, provide adequate coverage for the claims asserted by the Plaintiffs.

22. Said policy of insurance contained a provision for uninsured motorist coverage which provided, among other things, insurance coverage for "damages that an insured person is legally entitled to recover from the owner or operator of an underinsured motor vehicle because of bodily injury: (1) sustained by an insured person; (2) caused by an accident; and (3) arising out of the ownership, maintenance, or use of an underinsured motor vehicle.

23. All conditions precedent have been performed for the Plaintiffs to receive fair compensation for their injuries from Progressive. No compensation has been paid.

24. This failure to pay means that Progressive has breached its contract with the Plaintiffs. It has failed to make any payment under the Plaintiff's uninsured motorist provision of the Plaintiff's policy.

25. As a direct and proximate cause of Progessive's breach, the Plaintiffs have suffered significant damages, attorney's fees and additional costs.

## **VIOLATION OF 42 Pa. C.S. § 8371**

26. The Plaintiffs incorporate herein all allegations contained through Paragraph 25.

27. Despite establishing McEaneany's clear liability and resolving the third liability claim for the policy limits with McEaneany's, Progressive has failed to pay the Plaintiffs reasonable compensation for their extensive medical treatment, injuries and other damages.

28. Progressive has repeatedly acted in bad faith by, in the case of Plaintiff Amiee Kelly, initially seeking to unlawfully deny coverage altogether.

29. Additionally, Progressive has acted in bad faith by repeatedly failing to respond to Plaintiffs' communications and/or delay resolution of this matter through unnecessary or duplicative medical record requests.

30. Progressive has also engaged in unreasonable "lowball" settlement offers that are not commensurate nor reasonable given the Plaintffs' significant injuries and medical expenses.

31. As a direct and proximate cause of Progessive's unlawful conduct, the Plaintiffs have suffered significant damages, attorney's fees and additional costs.

WHEREFORE, the Plaintiffs, Jeffrey and Amiee Kelly, demand judgment be entered against the Defendant, Progressive Advanced Insurance Company, for payment of their policy benefits, and other relevant monetary damages, including but not limited to attorney's fees, costs, pre-judgment interest, post- judgment interest, and such additional relief as the court deems just and reasonable.

>                         Respectfully submitted,
>                         PLAINTIFFS,
>                         JEFFREY AND AMIEE KELLY
>                         By her attorney:
>
>                 By:     /s/ Helen G. Litsas
>                         _____
>                         Helen G. Litsas, BBO# 644848
>                         38 Main Street
>                         Saugus, MA 01906
>                         (781) 231-7600
>                         (781) 231-7601 (facsimile)
>                         Helen@litsaslaw.com

**CERTIFICATE OF SERVICE**
**I hereby certify that on this day a true copy of the above document was served upon the attorney of record for each party by ECF filing.**
/s/ Helen G. Litsas